```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/26/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                     :

XIN WANG,                                         :

                                           Plaintiff,   :     24-CV-8204 (VEC)

                   -against-                           :

                                                     :          ORDER

ESSENCE INERNATIONAL FINANCIAL       :
HOLDINGS LIMITED a/k/a SDIC SECURITIES
INTERNATIONAL FINANCIAL HOLDINGS   :
LIMITED,                                          :

                                         Defendant.  :
------------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

       WHEREAS on October 25, 2024, Xin Wang ("Plaintiff"), proceeding *pro se*, filed a Complaint against Essence International Financial Holdings Limited ("Essence" or "Defendant") asserting claims for insider trading and securities fraud in violation of Sections 10(b) and 20A of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b–5, 17 CFR § 240.10b–5, arising from the privatization of Highpower International Inc. ("Highpower"), Compl., Dkt. 1;

       WHEREAS on November 12, 2024, the Court issued an Order requiring Plaintiff to amend his Complaint because the Complaint failed to allege why venue was appropriate in the Southern District of New York, Order, Dkt. 7;

       WHEREAS on November 22, 2024, the Court referred this case to Magistrate Judge Henry J. Ricardo for general pretrial supervision and dispositive motions requiring the preparation of a Report and Recommendation ("R&R"), Order, Dkt. 9;

WHEREAS on November 25, 2024, Plaintiff filed an Amended Complaint, Am. Compl., Dkt. 12;

WHEREAS Plaintiff alleges that Defendant's subsidiary companies made false statements in a Proxy Statement when they represented that they did "not have any current plans, proposals or negotiations that relate to or would result in an extraordinary corporate transaction involving [Highpower's] corporate structure, business, or management, such as a merger, reorganization, liquidation, relocation of any material operations, or sale or transfer of a material amount of the Company's assets," when, in fact, they planned to re-list Highpower on a Chinese stock exchange soon after taking it private (the "Merger"), *id.* ¶ 40;

WHEREAS on February 10, 2025, Defendant moved to dismiss the Amended Complaint with prejudice, Def. Mem., Dkt. 21;

WHEREAS Judge Ricardo issued an R&R recommending that the Court grant Defendant's motion as to Plaintiff's claims under Section 10(b) and Rule 10b–5 but deny it as to Plaintiff's claim under Section 20A, R&R, Dkt. 33;

WHEREAS Defendant objected to Judge Ricardo's recommendation that the Court deny its motion to dismiss Plaintiff's Section 20A claim, Objection, Dkt. 36;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1);

WHEREAS as to the portions of an R&R to which no party objects, the Court may accept those findings provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS when specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b)(3);

IT IS HEREBY ORDERED that the R&R is adopted in part and modified in part. The Court finds no clear error in the findings of the R&R to which neither party objected. Namely, the Court finds no clear error in Judge Ricardo's recommendation that Plaintiff's Section 10(b) and Rule 10b–5 claims be dismissed with prejudice because they are barred by the statute of repose. *See* R&R at 10–14; 28 U.S.C. § 1658(b). The Court also finds no clear error in Judge Ricardo's determinations that: a time-barred violation of the Exchange Act can serve as a predicate violation giving rise to Section 20A liability, R&R at 23 (citing *Kaplan v. S.A.C. Cap. Advisors, L.P.*, 40 F. Supp. 3d 332, 343 (S.D.N.Y. 2014)); Plaintiff adequately pled scienter in connection with his Section 10(b) and Rule 10b–5 claims, *id.* at 14–22; and Plaintiff alleged that Defendant had access to material, non-public information regarding an alleged plan to relist Highpower on a Chinese stock exchange, *id.* at 23. Accordingly, the Court adopts the R&R as to the unobjected-to recommendations.

Defendant objects to the R&R on the grounds that it erred in concluding that: (1) Plaintiff adequately pleaded that Defendant could be held liable under alter-ego and agency theories for the conduct of its subsidiaries, Objection at 11–17; and (2) Plaintiff's receipt of cash in exchange for his common stock through the Merger constitutes a sale of securities for the purposes of Section 20A liability, *id.* at 17–18.

3

On de novo review, the Court declines to adopt Judge Ricardo's recommendation that Plaintiff adequately alleged he can hold Defendant liable for the actions of its subsidiaries under alter-ego and agency theories. In light of Plaintiff's *pro se* status, Judge Ricardo was correct in considering the factual allegations raised in Plaintiff's opposition to Defendant's motion to dismiss, *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013), but those allegations are bare regarding alter-ego or agency theories of liability.

Under New York law, to pierce the corporate veil a plaintiff must show: "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked, and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury." *In re Alstom SA*, 454 F. Supp. 2d 187, 215 (S.D.N.Y. 2006) (citation omitted).[1] A plaintiff must allege more than a defendant's improper or bad faith actions; rather,

---

[1] Where, as here, "[t]he parties' briefs assume that New York substantive law governs the issues" presented, their "implied consent is, of course, sufficient to establish the applicable choice of law." *Arch Ins. Co. v. Precision Stone, Inc.*, 584 F.3d 33, 39 (2d Cir. 2009) (citation omitted). Defendant relies on New York law throughout its briefing; Plaintiff does not cite to legal authority on this issue in his underlying brief, but he cites two cases that applied New York law in his response to Defendant's Objection. Pl. Response, Dkt. 37, at 3–4.

If called upon, the Court must apply New York's choice of law principles to determine the state law to be applied to the veil-piercing analysis. *Kalb, Voorhis & Co. v. Am. Fin. Corp.*, 8 F.3d 130, 132 (2d Cir. 1993). Under New York law, "[t]he law of the state of incorporation determines when the corporate form will be disregarded and liability will be imposed on shareholders." *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995) (citation omitted). The Court agrees with Defendant that such analysis requires looking first to Cayman Islands law, and then Hong Kong law, to determine the propriety of subjecting Essence to liability for its subsidiary's actions. Objection at 12 n.2 (citing *Capmark Fin. Grp. Inc. v. Goldman Sachs Credit Partners L.P.*, 491 B.R. 335, 346–47 (S.D.N.Y. 2013)). Defendant asserts, with no analysis, that there is no conflict of law concerning Plaintiff's alter-ego theory. *Id.* That may be accurate, but the Court is not so certain given the lack of briefing on the issue.

"Cayman Islands law permits piercing corporate veils, but only in exceptional cases where special circumstances exist indicating that [the corporate form] is a mere façade concealing the true facts." *In re Stillwater Asset Backed Offshore Fund Ltd.*, No. 16 CIV. 8883 (ER), 2018 WL 1610416, at *9 (S.D.N.Y. Mar. 30, 2018), *aff'd sub nom. Stillwater Liquidating LLC v. Net Five at Palm Pointe, LLC*, 777 F. App'x 16 (2d Cir. 2019) (citation and internal quotation marks omitted). Exceptional circumstances exist "when a company (1) engages in conduct that is illegal, or *ultra vires* the company, (2) perpetrates a fraud against the minority shareholders and the wrongdoers are themselves in control of the company, or (3) passes a resolution which requires a qualified majority by a simple majority." *Id.* (citation omitted). Similarly, "[u]nder Hong Kong law, piercing the corporate veil is a remedy that is granted when a company is used as a device to conceal true facts and thereby devoid or evade liability." *Rennenger v. Aquawood, LLC*, No. 419CV00123RGESBJ, 2022 WL 20854492, at *21 (S.D. Iowa Mar. 29, 2022) (citation and internal quotation marks omitted). Although the spirit of the law in those jurisdictions bears some similarity to New York law insofar as a plaintiff bears a "heavy burden of showing that the corporation was dominated as to the

4

"[t]he plaintiff must adequately allege the existence of a corporate obligation and that defendant exercised complete domination and control over the corporation and abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice." *Cortlandt St. Recovery Corp. v. Bonderman*, 31 N.Y.3d 30, 47–48 (2018) (citation and internal quotation marks omitted).

Plaintiff alleges that: Essence decided its subsidiaries would participate in the Merger, Am. Compl. ¶ 34; the Proxy Statement for the transaction states that subsidiary companies were formed solely for the purpose of effecting the Merger, Sushon Decl., Dkt. 22, Ex. 2, Dkt. 22-2 ("Proxy Statement"), at 1–2, 95–99; and the actions taken by the subsidiaries created for the merger "were entirely at the direction of Essence." Pl. Mem., Dkt. 28, at 8. But those allegations, and the sections of the Proxy Statement upon which Plaintiff relies, simply describe the structure of Essence and its subsidiary companies; Plaintiff urges the Court to infer from the subsidiaries' limited role as instruments for the Merger that Essence directed the subsidiaries' actions.[2] Standing alone and drawing all reasonable inferences in Plaintiff's favor, however,

---

transaction attacked and that such domination was the instrument of fraud," *Cortlandt St. Recovery Corp. v. Bonderman*, 31 N.Y.3d 30, 47 (2018) (citation omitted), the tests appear different and require analyses of different factors.  *See* note 2, *infra*.

For the purpose of reviewing the R&R, the Court relies on New York law.  *See Arch Ins. Co.*, 584 F.3d at 39.  But, in light of the Court's dismissal of Plaintiff's Section 20A claim with leave to file a Second Amended Complaint, the parties may need to conduct a more fulsome choice-of-law analysis if Plaintiff chooses to amend his pleadings.

[2]     To determine whether to pierce the corporate veil, New York courts consider: "(1) the absence of formalities and paraphernalia that are part and parcel of the corporate existence, i.e., issuance of stock, election of directors, keeping of corporate records and the like, (2) inadequate capitalization, (3) whether funds are put in and taken out of the corporation for personal rather than corporate purposes, (4) overlap in ownership, officers, directors, and personnel, (5) common office space, address and telephone numbers of corporate entities, (6) the amount of business discretion displayed by the allegedly dominated corporation, (7) whether the related corporations deal with the dominated corporation at arm['s] length, (8) whether the corporations are treated as independent profit centers, (9) the payment or guarantee of debts of the dominated corporation by other corporations in the group, and (10) whether the corporation in question had property that was used by other of the corporations as if it were its own." *Soter Techs., LLC v. IP Video Corp.*, 523 F. Supp. 3d 389, 412 (S.D.N.Y. 2021) (citation omitted).

those allegations are insufficient to hold Essence liable under an alter-ego theory. *Cf. Alstom*, 454 F. Supp. 2d at 213 (allegations that parent exercised direct control over the operations, financial reporting, and board of directors of subsidiary company and ignored corporate formalities, and the same officers who ran the intermediate subsidiary also ran the subsidiary that engaged in transaction at issue, sufficiently alleged veil-piercing theory of liability as to parent).

For the same reasons, Plaintiff's attempt to hold Defendant liable under an agency theory also fails. A plaintiff establishes a principal-agent relationship through alleging: "(1) the manifestation by the principal that the agent shall act for him; (2) the agent's acceptance of the undertaking; and (3) an understanding between the parties that the principal is to be in control of the undertaking." *In re Skat Tax Refund Scheme Litig.*, 356 F. Supp. 3d 300, 321 (S.D.N.Y. 2019) (citation and internal quotation marks omitted).[3] As discussed above, Plaintiff fails to adequately allege that the subsidiaries are agents subject to Defendant's "direction and control." *Id.* at 322 (citation omitted); *see also Mosdos Chofetz Chaim, Inc. v. RBS Citizens, N.A.*, 14 F. Supp. 3d 191, 215 (S.D.N.Y. 2014) ("[A] simple conclusory allegation to the effect that 'defendant A acted as defendant B's agent,' without more, would not plausibly state an agency relationship." (citation omitted)).

On de novo review, the Court agrees with Judge Ricardo's conclusion that Plaintiff's receipt of cash in exchange for his common stock through the Merger constitutes a sale of securities. The Second Circuit has held that a merger is a "sale" that can be challenged under Section 10(b). *See Vine v. Beneficial Fin. Co.*, 374 F.2d 627, 634 (2d Cir. 1967); *see also In re Shanda Games Ltd. Sec. Litig.*, No. 18-CV-2463-ALC, 2022 WL 992794, at *7 (S.D.N.Y. Mar. 31, 2022), *aff'd in part, vacated in part, remanded sub nom. In Re Shanda Games Ltd. Sec.*

---

[3] The Court also analyzes the issue of principal-agent liability under New York law. *See Arch Ins. Co.*, 584 F.3d at 39.

*Litig.*, 128 F.4th 26 (2d Cir. 2025) (finding a merger constitutes a sale in an action asserting claims under Sections 10(b) and 20A). The legislative history Defendant cites suggesting that Congress, in enacting laws prohibiting insider trading, was concerned with ensuring accurate prices of "actively traded securities," Objection at 18 (citing H.R. REP. NO. 100-910, at 8 (1988), *as reprinted in* 1988 U.S.C.C.A.N. 6043, 6045), would apply with equal force to a merger challenged under Section 10(b), yet the Second Circuit has held that a merger constitutes a sale in that context, *Vine*, 374 F.2d at 634. The Court sees no reason to depart from the rationale the Second Circuit articulated in *Vine* simply because Plaintiff asserts his claim under Section 20A rather than Section 10(b). A forced merger leaves a shareholder with ownership in a non-existent corporation; the shareholder must then exchange his shares for money to "realize any value for his stock." *Id.* For those reasons, such a transaction is a sale under the securities laws.

It is proper to grant Plaintiff leave to file a Second Amended Complaint as to Plaintiff's Section 20A claim. Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This is especially so where, as here, the Court has not previously weighed in on "the precise defects" of the pleading. *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec.*, LLC, 797 F.3d 160, 191 (2d Cir. 2015).[4] The Second Circuit has also instructed that courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Plaintiff has alleged sufficient facts to suggest he may be able to better articulate and support his claim that Defendant's corporate veil should be pierced or that it is liable under Section 20A on an agency theory. Because Plaintiff's claims

---

[4] The Court's prior Order requiring Plaintiff to address a technical defect regarding venue in his Complaint does not affect the propriety of granting leave to amend.

under Section 10(b) and Rule 10b–5 are time-barred, however, amendment of those claims would be futile. *See Stegemann v. United States*, 132 F.4th 206, 210 (2d Cir. 2025).

In sum, Defendant's motion to dismiss is granted. Plaintiff's claims pursuant to Section 10(b) and Rule10b–5 are dismissed with prejudice. Plaintiff's claim pursuant to Section 20A is dismissed without prejudice.

IT IS FURTHER ORDERED that Plaintiff's deadline to file a Second Amended Complaint is **Tuesday, September 30, 2025**. If Plaintiff chooses to amend his Complaint, he is directed to address the deficiencies identified in this Order and to incorporate into the Second Amended Complaint the allegations he raised for the first time in his opposition brief.

The Clerk of Court is respectfully directed to close the open motion at docket entry 20.

**SO ORDERED.**

Date:  August 26, 2025
       New York, New York

**VALERIE CAPRONI**
**United States District Judge**