

O'Melveny & Myers LLP
1301 Avenue of the Americas
Suite 1700
New York, NY 10019-6022

T: +1 212 326 2000
F: +1 212 326 2061
omm.com

File Number:

January 12, 2026

**VIA ECF**

**Jonathan Rosenberg**
D: +1 212 408 2409
jrosenberg@omm.com

The Honorable Henry J. Ricardo
United States Magistrate Judge
500 Pearl Street, Room 701
New York, NY 10007

Re:   ***Wang v. Essence International Financial Holdings Limited*, Case No. 1:24-cv-08204-VEC-HJR**

Dear Judge Ricardo:

We represent Defendant Essence International Financial Holdings Limited ("Essence International") in this matter and respectfully write to oppose Plaintiff's January 8, 2026 letter motion (ECF No. 63) seeking leave to file a sur-reply.

"[G]ranting leave to a litigant to file" a sur-reply "is indeed rare." *AA Med. P.C. v. Almansoori*, 2023 WL 4073772, at *2 (E.D.N.Y. June 19, 2023). While a court "may grant leave to file a sur-reply where the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply," if the defendant's reply brief merely "responded to matters that were raised for the first time in plaintiffs' response papers," no sur-reply shall be permitted. *DT v. Somers Cent. Sch. Dist.*, 2009 WL 10706891, at *2 (S.D.N.Y. Feb. 11, 2009) (cleaned up), *aff'd*, 348 F. App'x 697 (2d Cir. 2009).

Here, Essence International did not raise any matter for the first time in its reply for two reasons. First, Essence International's discussion in its reply brief concerning Plaintiff's discovery of the facts constituting his claim responded to an issue Plaintiff first raised in his opposition (ECF No. 59)—namely, whether he should be granted leave to assert a new common-law fraud claim that he maintained was timely. (*See id.* at 1 n. 1 and 13 n. 5 ("Because Plaintiff commenced this action on October 25, 2024—within six years of the alleged misrepresentations on September 27, 2019—this claim is timely. Alternatively, the claim is timely under the 'discovery rule' (two years from the plaintiff's actual discovery of the fraud).").) Essence International merely responded to Plaintiff's assertion that such a claim would be timely by showing that (i) New York's borrowing statute would look to California law (a proposition Plaintiff apparently does not contest); and (ii) Plaintiff's common-law fraud claim would be untimely under California law. *See* ECF No. 60 at 10–11. Second, Essence International did not raise any new factual arguments in its reply brief. In explaining why Plaintiff's proposed common-law fraud claim is time-barred, Essence International only referred back to its argument in its prior motion (ECF No. 21) that Plaintiff knew or at least was put on notice of the facts constituting his claim by

O'Melveny

August 10, 2020, or January 20, 2021 at the latest.  Thus, Plaintiff was well aware of this argument and had "ample opportunity" to address it.  *Preston Hollow Cap. LLC v. Nuveen Asset Mgmt. LLC*, 343 F.R.D. 460, 466 (S.D.N.Y. 2023) ("[W]here a party requesting to submit a sur-reply was on notice of the opposing party's argument or the party had ample opportunity to address the argument, courts have denied leave to file a sur-reply." (internal quotation marks omitted)).

Thus, leave to file a sur-reply is unwarranted, and the Court should deny Plaintiff's request.

Respectfully submitted,


*/s/ Jonathan Rosenberg*


Jonathan Rosenberg