February 1, 2026

Hon. Henry J. Ricardo
United States Magistrate Judge

**Re: Xin Wang v. Essence International Financial Holdings Limited**
    **Case No. 1:24-cv-08204-VEC-HJR**

Dear Judge Richardo:

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff respectfully moves the Court for leave to file a Third Amended Complaint ("TAC"), in the alternative, grant leave to amend in conjunction with its ruling of the pending Motion to Dismiss (ECF No. 48).

Both redlined and clean versions of the proposed TAC are attached hereto as Exhibit A and B.

**A. Procedural Background**

1. Plaintiff filed his Second Amended Complaint ("SAC") on October 17, 2025 (ECF No. 41) in accordance with the Court's ruling.

2. Defendants subsequently filed a Motion to Dismiss ("MTD") the SAC. (ECF No. 48)

3. In his Opposition to the MTD, Plaintiff requested, in the alternative, leave to file a Third Amended Complaint ("TAC") asserting a new claim for common-law *Fraudulent Misrepresentation.* (ECF No. 59)

4. In its Reply Brief, Defendant raised—first time—a specific time-bar/statute of limitations argument regarding Plaintiff's proposed claim for common-law fraudulent misrepresentation. (ECF No. 60). Because it was raised in a Reply, Plaintiff has had no procedural opportunity to respond to the time-bar assertion or to clarify the factual basis for why the claim is timely.

**B. Basis for Amendment**

Out of an abundance of caution, Plaintiff hereby seeks leave to file a Third Amended Complaint asserting a new claim for common-law Fraudulent Misrepresentation, with factual

basis for the timeliness of his fraud claim under the Discovery Rule and the doctrine of fraudulent concealment. As detailed in the proposed TAC, Plaintiff could not have discovered these particularized facts through reasonable diligence until July 28, 2023, when they first surfaced in the Second Amended Complaint filed in the related Delaware proceeding. Filing this motion now ensures the Court has a complete record of addressing the statute of limitations issues raised in the Defendant's Reply.

Leave to amend should be "freely given when justice so requires," particularly for *pro se* plaintiffs. Plaintiff brings this motion in good faith. The case is in its early stages, a scheduling order has not yet been entered, and no discovery has been conducted. Filing this motion now, while the MTD is pending, ensures that the Court has the most complete factual record possible before making a final determination.

## C.  Alternative

In the alternative, should the Court be inclined to prioritize resolving the core issues of the pending MTD, Plaintiff respectfully requests that the Court grant leave to amend in conjunction with its ruling. As a *pro se* litigant, Plaintiff seeks the opportunity to conform the pleadings to the Court's legal findings to ensure this matter is decided on its substantive merits.

Respectfully submitted,

*/s/ Xin Wang*

Xin Wang

Plaintiff